Good morning. May it please the court, my name is Lisa Ross and I'm here this morning representing the appellant Alicia James. We are here before the court this morning asking this court to reverse the district court's grant of summary judgment to Jacqueline Thickpen, the former superintendent of the Cleveland School District, to Lisa Bermucci, the former assistant superintendent of the Cleveland School District, and Randy Grison, the former principal of the newly consolidated Cleveland High School and formerly the principal of Eastside High School. So, is this, Ms. Ross, is this effectively, just to clarify, a qualified immunity issue that is before us? Whether these three individuals are entitled to qualified immunity? That is a question before the court, Your Honor. I mean, it's the only one, right? Because there's no claim anymore against the school district, is there? There is no claim against the school district. Okay. So, this is a qualified immunity? Yes. All right. I just wanted to understand that. Your Honor, and we're here this morning because when Alicia James was set to graduate from Cleveland High School, Cleveland Central High School, the newly consolidated high school, school officials, first of all, did not comply with state law in computing courses that would come toward graduation. And as it relates to other students in the class, they did, however, apply their handbook to Alicia James. The district court found that Alicia James could not establish a property interest because some of the courses where points were taken away from her were not listed in the particular handbook as accelerated or advanced. The district court, however, created its own chart that lists every course that the students took and that were at issue. But if you look at that chart, you will see that the district court left off the rankings or the designations in the curriculum guide for the Saxon courses. And those are the courses that we complain about, that James had a reasonable expectation that she would be named salutatorian if she had the second highest GPA based on the curriculum guide. And we contend that she did. Let me ask you this. I mean, certainly that's a frustrating situation. I mean, I transferred high school from the 10th to 11th grade, and I was not the valedictorian or the salutatorian. So I understand it's a frustrating situation, but you're bringing a due process claim as I understand it. Yes, Your Honor. Maybe, is it fair to say you're bringing both a procedural due process and a substantive due process claim? Yes, Your Honor. Okay. So on the procedural due process, I think, would you agree that you have to have a property interest to begin with? And I do. What is that? Could you articulate that for me? The property interest that James has in this. She has a property interest, of course, because education, public education in Mississippi is compulsory. Okay, what's the best, what case can you cite me to from our court or the Supreme Court or any court that says you have a property interest in the way your rank is calculated? Your Honor, I would cite you to your own case. Nevarious, for example, says where it actually ruled against the plaintiff, but it found that if the plaintiff relied on arunda, the court in the St. Marcus Consolidated Independent School District case said that they were affirming the district court's dismissal of the case and held that although state law could create a protected interest in a particular kind of education, for example, by mandating special education classes for children, absent such a basis in state law, there was no cause of action. That's Nevarious, our 1997 decision? Yes, Your Honor, and right there, the court made it clear that if a plaintiff could point to a basis in state law, then you could show... In that case, as you've just described, that would be an entitlement to some special education in state law. No, but they said, for example, special education, so they did not rule out that there were other ways to get there. The way I read this opinion, Your Honor, is that the court was saying you must be able to point to some basis that govern the process. In this case, they said, for example, special education students. In our case, I think it fits in because here, states make special provisions for special education children. In Mississippi, the Mississippi Department of Education has adopted the curriculum for the school district, so the school district is not just free to offer any course it wants to offer. They also have provisions that when they do want to offer courses that are not specifically approved by the state, that there's a process for which the school district may do that. In this case, the school district did none of that. I guess even assuming that's true, what you just said, where is the link to the ranking of a student in a class? The way I suggest that the court get there is that if you look at the Mississippi Department of Education's regulations on curriculum, that's where we must begin and end. A school district in Mississippi can only offer courses and count those courses toward the completion of a high school if they are approved. Here in this case, we have four courses that they counted for points toward graduation that were not approved by the State Department of Education. Those courses could never count and could never be assigned rank points because you can only assign points to courses that are approved. Those courses do not appear anywhere in the handbook as accelerated or in the handbook. All of James' courses comported with state law, that is, they had been approved by the Mississippi Department of Education. Now, the district was free to assign whatever course ratings they wanted to, but you must remember that the district cannot even teach a course or should not be teaching a course or offering a course unless they have authority to do so by law. So that's your procedural due process. You're also making a substantive due process. What is your substantive due process interest in this case for your clients? We believe her substantive due process rights were violated when they changed the scheme in the middle of the process. What's your best case for someone having a substantive due process to the calculation of a ranking in school? I would say that Shepard would be my best case. In Shepard, the Fifth Circuit, this court said that the handbook mattered. I will point out to this court that when the Fifth Circuit made their rule in the district, Jamie Jacks, who is counsel for Dr. Thickpen and represent the other defendants here, they misrepresented to this court that there was a provision in the handbook of 2015-16 that provided specifically for co-valedictorians. There was no such provision in that handbook. But the court did importantly say in Shepard that the handbook does matter. And even the defendants agree that the handbook does matter. They say that when it came to James, they went, and if you go through every handbook, they went through each one of her courses. If it was not in the curriculum guide, as accelerated or advanced, she did not get the points. But when it came to the children who had attended formerly Cleveland High School and now Cleveland Central, they said, well, it's okay there because we have all of these people who say that these courses were more rigorous. But the school district and these defendants had an opportunity to foreclose any argument that the Saxton courses were more rigorous and they didn't do it. State law says that if you're going to offer a course that's different than the approved courses, you want to teach it at a much more accelerated rate, then you have to go through a process. And the school district never went through that process. They never listed, and they never listed importantly in their handbook, Saxton courses as accelerated or advanced courses. So if it matters what the handbook says, then we should be applying the handbook and not what these people want to say who had a chance to put this information in the handbook and they left it out for a period of nearly ten years, Your Honor. And then when they finally consolidated, you would have thought that if these courses were indeed more advanced and you had all of the students in one building, that they would be continuing to offer these courses and they are not. The Fifth Circuit established that the handbook matters, course names matters, the numbers must be approved by MDE. These defendants had no authority to make up a course, which is what they did, and they had authority to make up a course, Your Honor, but in order for it to be approved and to count toward graduation and to count in a calculation of class rank, then it had to be, first of all, approved by MDE. These courses were not. Your Honor, I would ask the Court to really take a look at Judge Brown's chart that it put in there, Motion for Summary Judgment, and it's very telling because she lists every one of Alicia James' classes that she took in the ranking that was found in the handbook. So due process is about being fair. We don't apply the handbook to Alicia James and not apply it to the other students, especially when Alicia James has, all of her coursework satisfies the state requirements, and that's the bottom line. And Judge Brown cited O'Bannon versus Township Nursing Center, and in that case, she said that this was an indirect right that Alicia couldn't rely on the enforcement action of the school district. But if you look at it, Your Honor, the school district was not enforcing anything. They didn't enforce their handbook because if they had enforced their handbook, we wouldn't be here today because those Saxon courses would have been treated as regular, as the handbook says, all courses that are not specifically designated as regular, as accelerated or advanced is therefore a regular course, and a regular course throughout every one of their curriculum guides that they put in evidence is a four-point course. So if students are bound by the handbook, the Mississippi Supreme Court has spoken on this issue about handbooks, and they've said that, you know, the grown-ups have to follow the handbooks just like the students do. In this case, they did not. Alicia James went through many attempts to try to gain an audience with the school board. She was circumvented in her efforts to bring to the board's attention what her concerns were. In fact, instead of allowing Alicia James to address the board, she was given a transcript on March 14th that showed her GPA at 4.41, which, you know, relieved her because then she thought, had every reason to believe that her GPA had been properly calculated, and it had not. And Judge Brown cited O'Bannon, Your Honor, and one thing about O'Bannon is that what the government was doing in O'Bannon, they had the legal authority to do. What the school district did in James, these three defendants, they did not have the legal authority to do. They say— Ms. Brosh, your initial time has expired, and you've saved some time for rebuttal. Unless you want to use some of your rebuttal time— No, I'll save it, Your Honor. Ms. Lee? Thank you, Your Honor. As I may have pleased the court, my name is Jamie Lee, and I'm here on behalf of Dr. Jacqueline Thickpen, but I'm presenting the oral argument on behalf of all defendants. Your Honor, this appeal boils down to James arguing a constitutional deprivation of her alleged due process rights because she was named third in her high school graduating class rather than receiving the honor of salutatorian. She alleges the district failed to have certain courses approved by the Mississippi Department of Education, and these are namely the Saxon math courses that are at issue in the briefs before you today. James argues the inclusion of this particular coursework and this curriculum caused other students to achieve higher GPAs, which she says allegedly robbed her of the salutatorian honor. This argument fails first, Your Honors, because it was waived. It's important to focus on what James actually argued at the district court below and what she presented finally in her corrected brief before this court. James failed to make this Mississippi Department of Education argument specifically in any substantive way before the lower court. As such, she has waived that issue. The argument also fails for three additional reasons. Even if the argument was not waived, one, there is nothing in the record to establish these courts were not actually approved by the MDE or were in some ways invalidated by the MDE. Second, even if we assume for sake of argument the courses were not approved, the mere violation of a Department of Education regulation does not establish necessarily a protected due process interest for James. Three, James didn't take the courses at issue. She continues to argue about due process interests tied to courses she did not actually take. Let me ask you about the second point, because that one seems to be fundamental, that let's assume all the errors and, you know, they weren't in the handbook and all the problems. Let's assume all that's true. Are you contesting that the plaintiff has a property interest for purposes of the Due Process Clause in curriculum guides and rank points associated with listed courses? Absolutely, Your Honor. As she is framing the issue— Did Judge Brown agree—did she assume that that's the case, that there's a property interest, or did she find that there's a property interest? Judge Brown talked about the property interest in a couple of different ways. At the district court level, James was arguing a property interest related to the assignment of rank points specifically to her, and so Judge Brown looked at the curriculum guide and said, well, wait a minute. You got all the points that you were due under the particular curriculum guide. This is the appendix that Judge Brown looked at. She looked at every single course that Alicia James took and found that the appropriate coursework that she took, she got the rank points assigned to her in the curriculum guide. As for any other rank points that she was claiming other students got that they shouldn't have, the court said, citing the O'Bannon case, you cannot claim a substantive due process right based on the rights of others. That's an indirect benefit. You can only argue for your own due process rights for rank points that you argue should have been It seems to me to be a prior question about why is there a property interest at all? Correct, Your Honor. In a curriculum guide, what case says that? We argue that there is no case that says that. Looking back at the plaintiff's brief before the lower court, she cited the Mississippi High School Activities Association versus RT case for the proposition that the curriculum guide should be followed and establishes some type of property interest, but that case is a Mississippi Supreme Court case and it dealt with a football player who was trying to argue that he was eligible under the MHSAA's determination. It doesn't speak at all to this issue of whether the inclusion or non-inclusion of a class within a curriculum guide establishes a property interest. Because my concern, quite frankly, is the district court's opinion is quite lengthy in this And if there's a property interest in this sort of thing in a curriculum guide, then the federal courts are not going to turn into the monitors of the curriculum guide and make sure that the points are properly assigned or the courses are properly assigned because now all of a sudden it's a constitutional issue. And that's alarming to me. That's correct, Your Honor. The district court had a 41-page, well-reasoned opinion about the property interest that James actually argued. The issue that she brings to this court today is narrow in the sense that she is simply arguing that by not approving the MDE, that these courses were not approved by MDE and that established a violation of her due process rights. That argument was so scantily made at the district court level. I get your waiver argument, but what was the purpose of all the discovery in this case? Your Honor, quite frankly, the purpose of the plaintiff's discovery, I'm not sure. What the district, our position has always been in terms of defending this issue is that we followed the curriculum guide as best we could when these two schools were merged. There was a meeting of the minds of all the counselors. There was a determination as to what courses should have been afforded what weight. And the counselors made the best decision following the curriculum guide as best we could. Was the point of the discovery to figure out whether the curriculum guide was properly followed and what all went into the decision about what courses to offer, what courses to rank? I don't know. That probably would be a better question, Your Honor, for the plaintiff's counsel. I'll ask them, too. They were there, I guess, to defend their depositions, multiple depositions. That's correct, Your Honor. At the end of the day, what was discovered within the process of this lengthy discovery was that the district assembled its counselors, went over the courses taken, looked at the curriculum guides, and assigned rank points as they believed they should have been. There is no dispute, actually, that these Saxon math courses should not have been afforded the accelerated weight that they were given at the end of the day. The district court points that out, that there's no question and no refute by James that these Saxon accelerated courses should not have been given the weight that they were. I hear what you're saying, but all of a sudden, I think we're at a school board meeting. Well, correct. I mean, what business is it of federal courts about whether Saxon math gets accelerated? I didn't study that in law school. Well, exactly, Your Honor. These were administrative decisions made by the school board and its superintendent, and quite frankly, I didn't hear a case that has been cited by the plaintiff which says anything within that decision-making process— Was there an equal protection claim or something? Was the allegation that these were race-based decisions that are being made or something? Your Honor, that's correct. There was, and that argument has been abandoned on appeal by James. But yes, to address that argument, Your Honor, the district court heard that argument and rejected it at the summary judgment, and James has not pressed that argument on appeal as to any defendant, that there was any equal protection violation here. The sole issue is this due process claim, again, tied to the MDE regulation. And again, we think the district court got it right in the footnote by saying merely by citing an MDE regulation does not a constitutional violation make. And additionally, again, James keeps going back to classes other students took, and the O'Bannon case does speak to that specifically and finds that you can't have a property interest that's based on indirect benefits arising from actions against third parties. And the court also cites Simon v. Taylor, which is a Tenth Circuit case, Your Honor, as probably factually the most similar case one could find because this is a bit of a strange case to be heard, again, by the Fifth Circuit. But in Simon v. Taylor, it involved a horse race. There were two horses involved and a million-dollar prize. The first, the winner of that horse was a Stollis winner, was the name of the horse. And after the race was won, it was discovered that Stollis winner had some caffeine in its system, and it went through an appellate process to see if it could be disqualified. Well, the second-place winner, which we could align to Ms. James in this case, argued that she had some interest in that first-place money and she should have been allowed to interject herself in that process, and the court rejected it. And a footnote said, essentially, we are not going to push due process limits that far, that this is an indirect benefit that you're trying to allege is established by a procedure affecting a third party. Do you perceive that the plaintiffs are also making a substantive due process and not only a because that makes no sense, but are they making a substantive due process claim like I have a substantive due process in X? Yes, Your Honor. I believe that the plaintiffs, as I read the briefs or the appellants, are focusing more on the substantive side than procedural. Okay, so what is your response? Is there a substantive due process right that is at issue in this case? Your Honor, they're attempting to make it an issue, but they have not established a right to any. What's your response? Is there a substantive due process right in class ranking and sex and math? There is no substantive due process right that can be established by James because these classes that she takes issue with were not her own classes. Is that the only reason? I mean, what's the test for substantive due process? You have to have a legitimate expectation and a right that is available to you. You can't rely on the rights of someone else or someone else. I thought the Supreme Court recently came out with a decision that said the right has to be firmly rooted in American legal history and traditions. Your Honor, that also would be correct. Well, that's what they said. I would agree with the Supreme Court. Is your view that the due process right asserted in this case meets that test? No, Your Honor. Absolutely not. Thank you, Your Honor. There is absolutely no law, no case that has been put forth before the plaintiff or the appellant here that would say that some right to the MDE regulation being adhered to or some right held within a curriculum guide somehow creates a substantive due process issue. Thank you, Your Honor. In sum, Your Honor, this case boils down to a dispute that James has brought related to the MDE argument. The court, again, only dropped a footnote, footnote 32, and Judge Brown wrote a 41-page opinion. And in that footnote, she says, to the extent, and it is not clear to the court, that she is making this MDE argument regarding state law. But even if she is, just generally citing a state law regulation or state law that they believe has been adopted, Judge Brown got it right there to the extent it was actually firmly put forth before her. As this court said in the Ayers decision, a litigant has to press and not merely intimate an argument in the lower court proceedings in order to preserve that issue before the district court. And we would argue it simply was not firmly pressed by the plaintiff in that case. And again, even if the district court didn't have the Saxon, even if the district, rather, didn't have the Saxon courses approved, we would argue it did not amount to a due process violation. And finally, again, we would argue James cannot piggyback off the due process interest held by other students in this case. The court, again, held that, as calculated in the curriculum guide, James did not have the second-best GPA and that, in sum, she did not have, could not establish a due process violation. Any equal protection claims, Your Honor, we would argue have been waived as they were not briefed before the court. All claims brought against the Cleveland School District, there was actually no argument on appeals. We would argue those have been waived as were any claims against the individual school board members. Absolutely no claim brought. It's only down to the three individual defendants who would argue for their qualified immunity. If the court had to get there, there's absolutely no clearly established law addressing any of the claims that are made in this case. So, we would ask that the district court's opinion be affirmed. Thank you. Thank you, Ms. Lee. Ms. Ross, you've saved some time for rebuttal. In O'Dannon, the court said that if the grievance alleged amounts to a consequential injury resulting from the exercise of lawful power, rather than a direct appropriation, then the due process clause is not implicated. I don't remember. What's the nature of the due process clause? Is that a property interest case? This is a property interest case. What was the nature of the property interest? The property interest case, the interest was here whether these nursing home recipients had a right to stay or to continue to reside in a nursing home that was being decertified and there the government actually had the power and went through the process to decertify. So, that was the enforcement action of the government there in O'Dannon. Here, as I said before, there was no enforcement action by Cleveland. In fact, there was no enforcement action by the State Department of Education and we did include as a exhibit to our response to the motion for summary judgment, Your Honor, documents from MDE that say that these Saxon courses were never submitted to them for approval, that the school district was not authorized to offer these courses. So, Ms. Jacks misrepresented when she said that we don't disagree. We do take exception to these courses being offered and therefore being used in the compilation. The way that Judge Brown's decision reads is as long as they add the numbers up right, then you can't have a due process argument. And we believe that Judge Brown got that wrong because you have to begin with their initial authority. Did they have the authority to offer these courses? And if they do, then there's no question. They can assign whatever rank points they want to and they can include those rank points in the calculation. But if you don't have the authority to offer it, it's like what the court said in O'Dannon. This was a direct appropriation by the district by Jacqueline Thigpen and Lisa Bermucci and Randy Grison. So we ask the court to find and to finally, if they're in the event that the court says that there is not a case where this law is clearly established, what the rights are of the students as it is, what the rights of the students are, and then to finally state, because in a matter of four years, we've been to the Fifth Circuit two times on this issue. And one time they cheated and they won by misrepresenting to this court that there was a particular provision in the handbook and it wasn't there. And Ms. James has confessed to the district court that that was a mistake, but she's never confessed to this court. I believe that due process, if we're going to play fair and the children have to be governed by these rules, and Alicia James played by all of the rules. You had an equal protection claim in this case. I did have an equal protection claim in the case. Has that been dropped? Have you dropped that? I did not have an equal protection claim in this case, Your Honor, because that case was cited by the district court on whether she was similarly situated. I did not think that I could overcome. We did spend an enormous amount of time in discovery because of the way that the defendants would give me documents, some days just dropping 1,200 documents. What were you looking for in the curriculum, guys, that these taxes were accelerated or advanced? I was also looking for, from the State Department of Education, whether they had gone through this process of making these courses accelerated or advanced. And when you look at Judge Brown's chart, she says that I could not rely on the schedule detail reports to say the number of points that should be allotted for each class, but that's exactly where Judge Brown got the numbers from because if you look in the curriculum guide, the Saxon courses are regular courses and they gave accelerated points, and it was not for me. I had the authority to change the curriculum guide that it would be necessary to take that back to the school board, and they did not do that. And for those reasons, Your Honor, we ask the court to reverse this matter and remand it to the district court. Thank you, Ms. Ross.